IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and WAI HUNG LO, Revenue Agent,<br><br>    Petitioners,<br><br>    v.<br><br>JAN BISHOP,<br><br>    Respondent. | CASE NO. 09-4615-MEJ<br>[PROPOSED]<br>(1) ORDER THAT CASE BE REASSIGNED TO DISTRICT COURT JUDGE, AND (2) REPORT AND RECOMMENDATION THAT VERIFIED PETITION TO ENFORCE IRS SUMMONS BE GRANTED |

This matter is before the court on an order to show cause why respondent Jan Bishop should not be required to appear before the Internal Revenue Service (IRS) in compliance with an IRS summons. Ms. Bishop did not file any papers in response to the order to show cause. Because respondent has not consented to proceed before a magistrate judge, the undersigned has prepared a report and recommendation as to the instant petition and directs the Clerk of the Court to reassign this case to a District Court Judge. Having considered the moving papers and all other evidence of record, this court recommends that the petition be GRANTED.

## I. BACKGROUND

According to the petition, the IRS is conducting an investigation to determine respondent's tax liabilities for 2004 - 2007, inclusive. (Pet. ¶ 3). Petitioners believe that respondent has possession and control of records, documents and other information concerning the IRS's inquiry, as to which the IRS has no access, possession or control. (See id. ¶ 6). As part

[Proposed] Report and Recommendation
Case No. 09-cv-4615-MEJ                -1-

of its investigation, petitioners served a summons on respondent; and, the record before the court shows that service properly was made pursuant to 26 U.S.C. § 7603.[1] On June 18, 2009, petitioner Lo served a summons on respondent by leaving a copy of the summons at her last and usual place of abode. (See id. ¶ 7 and Ex. A).  Respondent did not appear on July 1, 2009 as requested.  When respondent failed to appear, she was given another opportunity to appear and comply on July 21, 2009.  Respondent again failed to appear. (See id.¶¶ 9-11 and Ex. B).

On September 30, 2009, petitioners filed the instant verified petition to enforce the summons.  On November 9, 2009, this court issued an order to show cause, setting a hearing for January 14, 2010.[2] Petitioners have submitted evidence showing that the order to show cause and verified petition were served on respondent on November 12, 2009.  (See Docket #6). However, Ms. Bishop never filed a written response to the order to show cause or the verified petition.

## II. DISCUSSION

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability.  Summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or. . . collecting any such liability." 26 U.S.C. § 7602(a); see also Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting 26 U.S.C. § 7602(a)).  To enforce a summons, the IRS must establish a *prima facie* case for enforcement by showing that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the

---

[1] Title 26 United States Code, Section 7603 provides that service of summons shall be made "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode." 26 U.S.C. § 7603(a).  Further, "the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons." Id.

[2] The hearing was continued to January 21, 2010, by Order dated January 7, 2010. (Docket # 8).

[Proposed] Report and Recommendation
Case No. 09-cv-4615-MEJ               -2-

IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code. United States v. Powell, 379 U.S. 48 57-58 (1964).  "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met." Crystal, 172 F.3d at 1144 (quoting United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)). "The burden is minimal because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." Id. (quoting Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir.1985)).

Once the government has met its burden in establishing the Powell elements, if the taxpayer chooses to challenge the enforcement, he bears a heavy burden to show an abuse of process or lack of good faith on the part of the IRS.  Indeed, "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." Crystal, 172 F.3d at 1144 (quoting United States v. Den, 968 F.2d 943, 945 (9th Cir. 1992)).  "The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." Id. (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)).  As explained by the Ninth Circuit:

> The taxpayer may challenge the summons on any appropriate grounds, including failure to satisfy the Powell requirements or abuse of the court's process. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. In addition, it has become clear since Powell that gathering evidence after having decided to make a recommendation for prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances. While neither the Powell elements nor the LaSalle requirements is an exhaustive elaboration of what good faith means, still the dispositive question in each case is whether the Service is pursuing the authorized purposes in good faith.

Id. at 1144-45 (internal quotes and citations omitted).

While the government's burden is not great, it is not necessarily satisfied by an agent's mere assertion of relevance. United States v. Goldman, 637 F.2d 664, 667 (9th Cir. 1980). Once a summons is challenged, it must be scrutinized by the court to determine whether it seeks information relevant to a legitimate investigative purpose, and the court may choose either to

[Proposed] Report and Recommendation
Case No. 09-cv-4615-MEJ                -3-

1  refuse enforcement or narrow the scope of the summons.  Id. at 668.

2  In the instant case, petitioners have met their initial burden of showing that the Powell
3  elements have been satisfied, largely through the verification of the petition by Revenue Agent
4  Lo.  See Crystal, 172 F.3d at 1144 (finding that the special agent's declaration satisfied the
5  Powell requirements and that the government therefore "established a prima facie case to enforce
6  the summonses"); Dynavac, Inc., 6 F.3d at 1414 (stating that the government's burden "may be
7  satisfied by a declaration from the investigating agent that the Powell requirements have been
8  met."); United States v. Bell, 57 F. Supp.2d 898, 906 (N.D. Cal. 1999) ("The government usually
9  makes the requisite *prima facie* showing by affidavit of the agent.").

10  Here, the verified petition indicates that the IRS's investigation is being conducted for a
11  legitimate purpose of ascertaining respondent's tax liabilities for certain periods of time. (See
12  Pet. ¶¶ 3-4).  The summons is relevant to that purpose.  It indicates that petitioner is determining
13  respondent's tax liabilities for the calendar years ending December 31, 2004, December 31,
14  2005, December 31, 2006, and December 31, 2007.  The summons asks her to appear and bring
15  with her documents pertaining to her income and expenses during that period (e.g., accounting
16  records, balance sheets, profit and loss statements, employment and unemployment tax returns,
17  state sales tax returns, and other records of income and expenses).  (See id. Ex. A).  The petition
18  further indicates that the information is not already in the IRS's possession, that there has been
19  no referral for criminal prosecution of this matter, and that all administrative steps required by
20  the Internal Revenue Code for the issuance of the summons have been taken. (See Pet. ¶¶ 6, 12,
21  13 and Exs. A and B).

22  Although the record presented demonstrates that respondent was duly served with notice
23  of these proceedings, she failed to respond at all to the verified petition or the court's order to
24  show cause.  Accordingly, she has not met her burden of showing an abuse of process or lack of
25  good faith on the part of the IRS, and this court recommends that the verified petition to enforce
26  the IRS summonses be GRANTED.

27  **III. RECOMMENDATION**

28

[Proposed] Report and Recommendation
Case No. 09-cv-4615-MEJ                -4-

Based on the foregoing, this court recommends that the petition be granted and that an order be issued enforcing the IRS summonses and directing Ms. Bishop to appear before the IRS on a date certain to provide testimony and produce the requested documents and records.

Any party may file objections to this report and recommendation with the district judge within ten days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3.

Petitioners are instructed to promptly serve a copy of this report and recommendation on respondent and to file a proof of service with the court.

Dated: January 19, 2010

_____
MARIA-ELENA JAMES
United States Magistrate Judge